United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES CHRISTOPHER CASTLE,

    Plaintiff,

    v.

BARACK OBAMA, et al.,

    Defendants.

Case No. 15-mc-80154-EDL

**REPORT AND RECOMMENDATION TO DISMISS MATTER; ORDER REASSIGNING MATTER**

    As the parties have not yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge.

    On June 5, 2015, pro se plaintiff James Christopher Castle filed a document entitled "Petition to Seal Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting." See Dkt. #1. The Petition to Seal requests that the matter be treated as "'private' and 'sealed, ex parte, in Chambers, without the public, without publication of the press, excluding spectators and 'enemies' of the Court.'" Id. Attached to the Petition to Seal is a "Bill in Equity Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting." Dkt. #1-2. In an abundance of caution, the Clerk's Office concealed the entire filing from public view on the Court's electronic case filing system. However, the Petition to Seal does not reference any law or other federal or local rule that would allow any of the documents submitted to the Court to be filed under seal, and Petitioner has not provided any justification for sealing them. Further, the "Bill in Equity Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting" states that Petitioner is a citizen of Iowa while Defendants reside in Washington, D.C. and there are no factual allegations relating to this district, or even California generally. It

therefore appears that this Court lacks personal jurisdiction, and that venue is improper in this district.

Additionally, the Court cannot discern from the largely unintelligible "Bill in Equity Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting" exactly what it is that Petitioner seeks, from whom, and what the legal basis is for any claim. Federal Rule of Civil Procedure 8(a) requires:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Petitioner's pleading does not satisfy this standard.

On June 10, 2015, this Court issued an Order to Show Cause by no later than June 23, 2015 why the entire filing should not be made public, why the Petition should not be dismissed for lack of jurisdiction and improper venue, and why the Petition should not be dismissed for failure to comply with Rule 8. Petitioner did not timely respond to the Order to Show Cause and did not file a consent or declination to magistrate jurisdiction. Instead, on July 7, 2015, he filed a "Request for Additional Time" to respond to the Order to Show Cause which merely requested that the Court use a different mailing address going forward. However, the request does not explain why Petitioner did not timely respond to the Court's Order, or why he did not provide a substantive response instead of requesting additional time almost two weeks late. Therefore, the request for additional time is denied.

Accordingly, the Court hereby recommends that the initial case filings be made public and the matter dismissed. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

1 **IT IS SO ORDERED.**

2 Dated: July 9, 2015

3 _____
ELIZABETH D. LAPORTE
4 United States Magistrate Judge